IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN LEE LEBOON | : | CIVIL ACTION |
| CASSANDRA APRIL LEBOON | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD G. SCHMIDT, MD, | : | NO. 13-1319 |
| LAWRENCE M. SILVERMAN, JOEL | : | |
| FISHBEIN and LITCHFIELD CAVO, LLP | : | |

## MEMORANDUM

**DUBOIS, J.**                                                                                    **APRIL 3, 2013**

Plaintiffs Steven Lee LeBoon and Cassandra April LeBoon filed this action, pursuant to 42 U.S.C. § 1983, asserting violations of their First and Fourteenth Amendment rights. They seek to proceed in forma pauperis. For the following reasons, the Court grants the LeBoons leave to proceed in forma pauperis, dismisses without prejudice all claims brought on behalf of CS LeBoon, LLC, their Limited Liability Company, and dismisses the remainder of their Complaint with prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e).

## I.   FACTS

In their Complaint, the LeBoons asserted constitutional claims on their own behalf and on behalf of CS LeBoon, LLC, against Doctor Richard G. Schmidt, his attorneys, and their law firm. Most of the Complaint is devoted to a recitation of First Amendment legal principles. Based on the few factual allegations in the Complaint, it appears that the LeBoons are suing Dr. Schmidt and his attorneys because they filed a lawsuit in the Bucks County Court of Common Pleas to prevent the LeBoons from publishing a book about a workers compensation proceeding

in which the LeBoons and Dr. Schmidt were involved.[1] (Compl. ¶ 14 (alleging that the defendants "have violated the Plaintiffs' First Amendment Constitutional Right of Free Speech and Free Press, by trying to prohibit the publication of a book regarding 'conclusions of law' by PA workers compensation Judge Bruce K. Doman"); id. ¶ 19 (stating that the plaintiffs intend "to write a book on the personal experiences of matters involving the Defendants"); ¶ 23 (accusing the defendants of "preemptively fil[ing] false claims to the state court seeking bans, muzzling and restrictions that violate the plaintiffs' First Amendment Right to Freedom of Speech.").)

## II.     STANDARD OF REVIEW

The Court grants the LeBoons leave to proceed in forma pauperis because they have satisfied the criteria set forth in 28 U.S.C. § 1915. However, a pro se litigant who is not an attorney may not represent someone else in federal court. See Osei-Afriyie ex rel. Osie-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). Furthermore, an artificial entity, such as CS LeBoon, LLC, may appear in federal court only through licensed counsel and, in any event, is not a "person" within the meaning of 28 U.S.C. § 1915, the statute that allows a "person" to proceed in forma pauperis. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993); Dukes v. Lancer Ins. Co., 390 F. App'x 159, 161 n.1 (3d Cir. 2010) (per curiam). Accordingly, all claims brought on behalf of CS LeBoon, LLC, are dismissed without prejudice.

---

[1] A prior lawsuit that Mr. LeBoon filed against Dr. Schmidt in this Court alleged that Dr. Schmidt conducted an independent medical evaluation of Mr. LeBoon in connection with Mr. LeBoon's worker's compensation claim. The complaint in that case alleged that Dr. Schmidt testified falsely about the extent of Mr. LeBoon's injuries. See LeBoon v. Schmidt, Civ. A. No. 11-25 (E.D. Pa.) (Document No. 3).

As the LeBoons are proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Although any factual allegations must be taken as true, courts evaluating the viability of a complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted).

## III. DISCUSSION

"[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995). In this case, the Complaint consists mostly of legal conclusions and recitals of case law, which the Court must disregard in determining whether the plaintiffs have stated a claim. Based on the few facts alleged in the Complaint, it is apparent that the LeBoons cannot prevail on their constitutional claims against the defendants under § 1983 because the defendants – a doctor, two attorneys, and a law firm – are not state actors. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (stating that there must be a "sufficiently close nexus" between the State and the private party's conduct before a

private party may be considered a state actor). The fact that the defendants allegedly resorted to the courts to prevent the LeBoons from publishing their book does not change that result. See Dennis v. Sparks, 449 U.S. 24, 28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.").

## IV.  CONCLUSION

For the foregoing reasons, the Complaint is dismissed without prejudice with respect to the claims of CS LeBoon, LLC on the ground that a limited liability company cannot represent itself or be represented by anyone not licensed to practice law. The remaining claims asserted on behalf of plaintiffs, Steven Lee LeBoon and Cassandra April LeBoon, are dismissed with prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e). The LeBoons will not be given an opportunity to file an amended complaint because amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). An appropriate order follows.